IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FedEx Trade Networks Transport & Brokerage, Inc. <br><br> Plaintiff, <br><br> -vs- <br><br> Airboss Defense Group, LLC <br><br> Defendant. | Case No.: 1:23-cv-02232 <br><br><br> **COMPLAINT** |

Plaintiff FedEx Trade Networks Transport & Brokerage, Inc. (hereinafter "FTN"), by and through its undersigned attorneys, hereby submits this Complaint against Defendant Airboss Defense Group, LLC (hereinafter "Airboss" or "ADG") to enforce a settlement agreement between the parties to resolve *FedEx Trade Networks Transport & Brokerage, Inc. v. Airboss Defense Group, LLC*, 22-cv-1313 (D. Md. 2022). In support of its Complaint, Plaintiff FTN alleges as follows:

## THE PARTIES

1. Plaintiff FTN is a corporation organized and existing under the laws of the State of New York having its principal place of business at 145 Lt. George W. Lee Avenue., Memphis, TN 38103. FTN is a non-vessel operating common carrier ("NVOCC") and ocean freight forwarder duly licensed by the Federal Maritime Commission ("FMC"). FTN provides a variety of logistics and transportation services, including the provision of ocean transportation under FTN's tariffs, rate agreements, and bills of lading.

2. Defendant ADG is a limited liability company. ADG's sole member is AirBoss Defense Group, Inc., which is a citizen of Delaware. On information and belief, ADG is an

importer and vendor, inter alia, of personal protective equipment, including medical examination gloves.

## JURISDICTION AND VENUE

3. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1332 and 1333. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## BACKGROUND

6. On June 1, 2022, FTN filed a Complaint against ADG in the United States District Court for the District of Maryland, No. 1:22-cv-01313-LKG (hereinafter, the "Action"). The complaint alleged damages of $15,387,550 consisting of unpaid ocean freight and insurance charges as to approximately 571 containers of nitrile examination gloves (the "Containers"), which includes 202 containers that were subject to a Withhold Release Order ("WRO Containers"). The complaint also alleged that ADG was responsible for storage, detention, demurrage, chassis, container, per diem charges, drayage, container drop fees, and other non-freight charges or fees exceeding $11,385,518 as of the complaint's date of filing (hereinafter, the "Shoreside Charges").

7. On July 21, 2022, the parties executed a Settlement Agreement and Release ("the Settlement Agreement"), attached hereto as Exhibit 1. Pursuant to the Settlement Agreement, FTN's claims in the Action against ADG were dismissed on August 25, 2022. However, the Action remains pending due to claims by FTN and ADG against third-party defendants McWilliams Collective, LLC ("McWilliams") and Nathan Trading Co., Ltd ("Nathan").

8. The Settlement Agreement required ADG to make certain payments to FTN and also to take full responsibility for the payment of all charges assessed by third-party vendors to FTN in connection with the Containers. Section 1.1.2 of the Settlement Agreement provides:

> Airboss agrees to take full responsibility for the payment of all storage, detention, demurrage, chassis, container, per diem charges, drayage, container drop fees, and other non-freight charges or fees.

9. Under Section 2 of the Settlement Agreement, FTN and ADG agreed that FTN would be entitled to an additional payment from ADG not to exceed $6 million from any damages ADG recovers from McWilliams in the Action. Section 2.3 further provides that any other funds received from Eric McWilliams, McWilliams, or any entity associated with Eric McWilliams will also be applied to satisfy the additional $6 million balance.

10. ADG has failed to satisfy its financial obligation under Section 1.1.2 of the Settlement Agreement to "take full responsibility for the payment of all storage, detention, demurrage, chassis, container, per diem charges, drayage, container drop fees, and other non-freight charges or fees." FTN has received invoices totaling approximately $5.3 million from ITS Logistics Inc. ("ITS"), a third-party logistics vendor with respect to the Containers, for drayage, chassis charges, and other charges for which ADG agreed to be responsible (the "ITS charges"). FTN has received invoices totaling approximately $5.7 million from Mediterranean Shipping Company (USA), Inc. ("MSC"), the US agent of the vessel carrier line hired to ship the Containers, for storage, demurrage, chassis charges, and other charges for which ADG agreed to be responsible (the "MSC charges"). FTN has forwarded the ITS and MSC invoices to ADG for payment under Section 1.1.2 of the Settlement Agreement, and repeatedly requested that ADG promptly pay the ITS and MSC charges to ITS and MSC, respectively, as contemplated by the Settlement Agreement. However, ADG has failed and/or refused to pay the ITS and MSC charges.

11. As a result of ADG's failure and/or refusal to pay the ITS Charges, ITS has demanded immediate payment from FTN and threatened to commence litigation against FTN to require payment of the ITS charges.

12. As a result of ADG's failure and/or refusal to pay the MSC charges, MSC has informed FTN that it will hold FTN directly responsible for all of the MSC charges and will commence litigation against FTN to collect the charges, if necessary.

13. Section 9 of the Settlement Agreement provides that the prevailing party shall be entitled to recover attorneys' fees, expenses, and costs from the losing party in any dispute relating to the enforcement or interpretation of the Settlement Agreement.

## FIRST CAUSE OF ACTION
## (PARTIAL BREACH OF CONTRACT)

14. FTN hereby repeats, incorporates and realleges the allegations set forth in Paragraphs 1 to 13 herein as if fully set forth hereat.

15. The Settlement Agreement is a fully executed binding contractual agreement between FTN and ADG.

16. Under the Settlement Agreement, ADG is contractually obligated to "take full responsibility for the payment of all storage, detention, demurrage, chassis, container, per diem charges, drayage, container drop fees, and other non-freight charges or fees" and to pay the ITS charges and the MSC charges.

17. ADG has partially breached the Settlement Agreement by failing and refusing to pay the ITS charges and MSC charges despite repeated demands by FTN that it do so.

18. FTN has fully performed its obligations under the Settlement Agreement.

19. As a direct result of ADG's breach of the Settlement Agreement, FTN has been injured because it will be forced to pay the ITS and MSC charges or incur substantial costs to

4

defend and/or settle the litigation brought by ITS for payment of the ITS and MSC charges. Consequently, FTN is entitled to recover as damages approximately $11 million as well as the attorneys' fees and legal costs it incurs to enforce the Settlement Agreement in this litigation.

## SECOND CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

20. FTN hereby repeats, incorporates and realleges the allegations set forth in Paragraphs 1 to 19 herein as if fully set forth hereat.

21. An actual and justiciable controversy exists between FTN and ADG regarding the liability of ADG under the Settlement Agreement.

22. Pursuant to 28 U.S.C. § 2201, FTN is entitled to a declaration of the respective rights and obligations of FTN and ADG in connection with the Settlement Agreement.

WHEREFORE, Plaintiff FedEx Trade Networks Transport & Brokerage, Inc. prays judgment and relief from Defendant Airboss Defense Group, LLC as follows:

A. An award of damages against Defendant Airboss Defense Group, LLC in amount in excess of $11 million subject to proof at trial;

B. A declaratory judgment in favor of FTN declaring that Defendant Airboss Defense Group, LLC is liable to FTN for the ITS charges and MSC charges that FTN is required to pay to ITS and MSC, respectively;

C. An award of the costs of suit of this action against Defendant Airboss Defense Group, LLC, including attorneys' fees pursuant to the Settlement Agreement; and

D. Such other and further relief as this Court may deem just and proper.

DATE: August 15, 2023                    Respectfully submitted,

_____
David K. Monroe (Bar No. 12987)
Rachel E. Amster
GKG LAW, P.C.
1055 Thomas Jefferson Street, NW
Washington, DC  20007
Telephone: 202-342-5235
Facsimile:  202/342-5299
Email: dmonroe@gkglaw.com
Email: ramster@gkglaw.com

*Attorneys for FedEx Trade Networks Transport & Brokerage Inc.*