**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FEDEX TRADE NETWORKS<br>TRANSPORT & BROKERAGE, INC.<br><br>    *Plaintiff*,<br><br>v.<br><br>AIRBOSS DEFENSE GROUP, LLC<br><br>    *Defendant*. | Case No.: 1:23-cv-02232-LKG |
| AIRBOSS DEFENSE GROUP, LLC<br><br>    *Third-Party Plaintiff*,<br><br>v.<br><br>MEDITERRANEAN SHIPPING<br>COMPANY S.A.,<br><br>    *Third-Party Defendant*. | Third-Party Complaint |

**MSC MEDITERRANEAN SHIPPING COMPANY SA'S ANSWER**
**TO AIRBOSS DEFENSE GROUP, LLC'S THIRD-PARTY COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Third-Party Defendant, MSC Mediterranean Shipping Company SA (sued herein as "Mediterranean Shipping Company, S.A.") ("MSC"), by and through its undersigned attorneys, hereby answers the Third-Party Complaint ("TPC") filed by Third-Party Plaintiff, AirBoss Defense Group, LLC ("ADG"), and states as follows:

**"INTRODUCTION"**

1.    Answering paragraph 1 of the TPC, MSC admits that FedEx Trade Networks Transport & Brokerage, Inc. ("FTN") filed a complaint in this Court against ADG, a copy of which is attached to the TPC as Exhibit 1.  MSC is without sufficient information or knowledge at this

1

time to form a belief as to the truth or falsity of the remaining allegations of paragraph 1 of the TPC and, therefore, denies the same.

2.      Paragraph 2 of the TPC calls for a conclusion of law, to which no response is required.  To the extent a response is required, MSC denies the allegations of paragraph 2 of the TPC.

3.      MSC denies the allegations of paragraph 3 of the TPC.

4.      MSC denies the allegations of paragraph 4 of the TPC.

5.      MSC admits that it received payments from ADG.  MSC denies the remaining allegations of paragraph 5 of the TPC.

6.      Paragraph 6 is not an allegation of fact, but rather a statement of Plaintiff's legal position before the Court, to which no response is required.  To the extent a response is required, MSC denies the allegations of paragraph 6 of the TPC.  Further answering, MSC denies that ADG is entitled to judgment in its favor as against MSC.

**"JURISDICTION"**

7.      Rather than allegations of fact, paragraph 7 of the TPC asserts conclusions of law to which no response is required.  To the extent a response is required, MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 7 of the TPC and, therefore, denies the same.

8.      Rather than allegations of fact, paragraph 8 of the TPC presents a conclusion of law to which no response is required.  To the extent a response is required, MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 8 of the TPC and, therefore, denies the same.

**"THE PARTIES"**

9.      MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 9 of the TPC and, therefore, denies the same.

10.      Answering paragraph 10 of the TPC, MSC admits that it is a global container shipping company and ocean common carrier headquartered at Chemin Rieu 12-14, CH-1208 Geneva, Switzerland.  MSC admits that, at all relevant times, Mediterranean Shipping Company (USA) Inc. ("MSC USA") was acting as agent for MSC.  MSC admits that MSC USA's office is located at 420 5th Avenue, 4th Floor, New York, New York 10018.  MSC denies the remaining allegations of paragraph 10 of the TPC.

**"FACTUAL BACKGROUND"**

11.      MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 11 of the TPC and, therefore, denies the same.

**A.  "ADG's efforts to supply personal protective equipment during the pandemic."**

12.      MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 12 of the TPC, and, therefore, denies the same.

13.      MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 13 of the TPC and, therefore, denies the same.

14.      MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 14 of the TPC and, therefore, denies the same.

15.      Answering paragraph 15, MSC admits that it contracted with FTN to perform ocean transportation.  MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the remaining allegations of paragraph 15 of the TPC and, therefore, denies the same.

16.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 16 of the TPC and, therefore, denies the same.

17.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 17 of the TPC and, therefore, denies the same.

**B.  "FTN and MSC continue to impose charges despite the CBP WRO."**

18.     Answering paragraph 18 of the TPC, MSC admits that MSC assessed demurrage, detention, chassis charges, and per diem.  MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the remaining allegations of paragraph 18 of the TPC and, therefore, denies the same.

19.     MSC admits the allegations of paragraph 19 of the TPC.

20.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 20 of the TPC and, therefore, denies the same.

21.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 21 of the TPC and, therefore, denies the same.

**C.  "FTN makes unsupported payment demands and imposes liens."**

22.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 22 of the TPC and, therefore, denies the same.

23.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 23 of the TPC and, therefore, denies the same.

24.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 24 of the TPC and, therefore, denies the same.

25.     Answering paragraph 25 of the TPC, MSC admits that FTN filed an action in this Court against ADG identified as Case No. 1:22-cv-01313-LKG.  The complaint in that action

speaks for itself and does not make allegations as to MSC and, therefore, no answer is required. MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the remaining allegations of paragraph 25 of the TPC and, therefore, denies the same.

26.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 26 of the TPC and, therefore, denies the same.

27.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 27 of the TPC, and therefore, denies the same.

28.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 28 of the TPC and, therefore, denies the same.

**D. "ADG settles with FTN to avert continued charge accrual."**

29.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 29 of the TPC and, therefore, denies the same.

30.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 30 of the TPC and, therefore, denies the same.

31.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 31 of the TPC and, therefore, denies the same.

**E. "ADG settles with MSC to avert continued charge accrual."**

32.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 32 of the TPC and, therefore, denies the same.

33.    MSC denies the allegations of paragraph 33 of the TPC.

34.    MSC denies the allegations of paragraph 34 of the TPC.

35.     Answering paragraph 35 of the TPC, MSC admits that, at some point in time, a draft settlement agreement was sent to MSC.  MSC denies the remaining allegations of paragraph 35 of the TPC.

36.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 36 of the TPC and, therefore, denies the same.

37.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 37 of the TPC and, therefore, denies the same.

38.     MSC denies the allegations of paragraph 38 of the TPC.

39.     MSC denies the allegations of paragraph 39 of the TPC.

40.     Paragraph 40 of the TPC calls for conclusions of law, to which no response is required.  To the extent a response is required, MSC denies the allegations of paragraph 40.  Further answering paragraph 40 of the TPC, MSC states that any such "Charges" as are alleged included only MSC charges.

41.     Answering paragraph 41 of the TPC, MSC admits that export of the gloves would have stopped accrual of the charges alleged.  MSC denies the remaining allegations of paragraph 41 of the TPC.

**F.  "FTN and MSC hinder re-export of the WRO Containers."**

42.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 42 of the TPC and, therefore, denies the same.

43.     MSC denies the allegations of paragraph 43 of the TPC.

44.     Answering paragraph 44 of the TPC, MSC admits that a dispute as to chassis charges remains.  MSC is without sufficient information or knowledge at this time to form a belief

as to the truth or falsity of the remaining allegations of paragraph 44 of the TPC and, therefore, denies the same.

45.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 45 of the TPC and, therefore, denies the same.

**G. "FTN sues ADG again demanding payment for settled charges."**

46.    Answering paragraph 46 of the TPC, MSC admits that FTN filed a complaint in this Court against ADG, a copy of which is attached to the TPC as Exhibit 1.

47.    MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 47 of the TPC and, therefore, denies the same.

48.    Answering paragraph 48 of the TPC, MSC admits that it received a demand from ADG.  MSC denies the remaining allegations of paragraph 48 of the TPC.

49.    MSC denies the allegations of paragraph 49 of the TPC.

**"FIRST CAUSE OF ACTION"**
**"Breach of Contract"**

50.    MSC repeats and realleges each and every answer set forth in the preceding paragraphs as if each were fully set forth herein.

51.    MSC denies the allegations of paragraph 51 of the TPC.

52.    Answering paragraph 52 of the TPC, MSC admits that the alleged document identified as the MSC-ADG Settlement Agreement references certain "Charges." Further answering, MSC states that the "Charges" referred to in the alleged MSC-ADG Settlement Agreement, under which MSC denies any liability, included only MSC charges, including MSC per diem, chassis charges, demurrage, and detention through September 24, 2022.  MSC denies the remaining allegations of paragraph 52 of the TPC.

53.     Paragraph 53 of the TPC calls for a conclusion of law, to which no response is required.  To the extent a response is required, MSC denies the allegations of paragraph 53 of the TPC.

54.     MSC denies the allegations of paragraph 54 of the TPC.

55.     MSC denies the allegations of paragraph 55 of the TPC.

56.     MSC denies the allegations of paragraph 56 of the TPC.

**"SECOND CAUSE OF ACTION"**
**"Express Indemnification – Breach of the Duty to Defend"**

57.     MSC repeats and realleges each and every answer set forth in the preceding paragraphs as if each were fully set forth herein.

58.     MSC denies the allegations of paragraph 58 of the TPC.

59.     Answering paragraph 59 of the TPC, MSC admits that the document alleged to be the "MSC-ADG Settlement Agreement" references certain "Charges." Further answering, MSC states that the "Charges" referred to in the alleged MSC-ADG Settlement Agreement, under which MSC denies any liability, included only MSC charges, including MSC per diem, chassis charges, demurrage, and detention through September 24, 2022.  MSC denies the remaining allegations of paragraph 59 of the TPC.

60.     Paragraph 60 of the TPC calls for a conclusion of law, to which no response is required.  To the extent a response is required, MSC denies the allegations of paragraph 60 of the TPC.

61.     MSC denies the allegations of paragraph 61 of the TPC.

62.     MSC denies the allegations of paragraph 62 of the TPC.

63.     MSC denies the allegations of paragraph 63 of the TPC.

64.     MSC denies the allegations of paragraph 64 of the TPC.

65.    MSC denies the allegations of paragraph 65 of the TPC.

**"THIRD CAUSE OF ACTION"**
**"Express Indemnification – Breach of the Duty to Indemnify"**

66.    MSC repeats and realleges each and every answer set forth in the preceding paragraphs as if each were fully set forth herein.

67.    MSC denies the allegations of paragraph 67 of the TPC.

68.    Answering paragraph 68 of the TPC, MSC admits that the document alleged to be the "MSC-ADG Settlement Agreement" references certain "Charges." Further answering, MSC states that the "Charges" referred to in the alleged MSC-ADG Settlement Agreement, under which MSC denies any liability, included only MSC charges, including MSC per diem, chassis charges, demurrage, and detention through September 24, 2022.  MSC denies the remaining allegations of paragraph 68 of the TPC.

69.    Paragraph 69 of the TPC calls for a conclusion of law, to which no response is required.  To the extent a response is required, MSC denies the allegations of paragraph 69 of the TPC.

70.    MSC denies the allegations of paragraph 70 of the TPC.

71.    MSC denies the allegations of paragraph 71 of the TPC.

72.    MSC denies the allegations of paragraph 72 of the TPC.

73.    MSC denies the allegations of paragraph 73 of the TPC.

74.    MSC denies the allegations of paragraph 74 of the TPC.

## "THIRD[1] CAUSE OF ACTION"
### "Equitable Indemnification Against MSC"

75.     MSC repeats and realleges each and every answer set forth in the preceding paragraphs as if each were fully set forth herein.

76.     Paragraph 76 of the TPC is merely a characterization of the TPC and calls for conclusions of law, to which no response is required.  To the extent a response is required, MSC denies the allegations of paragraph 76 of the TPC.   Answering further, MSC denies that it is at fault or in any way liable to ADG and/or FTN.

77.     MSC denies the allegations of paragraph 77 of the TPC.

78.     MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 78 of the TPC and, therefore, denies the same.

79.     MSC denies the allegations of paragraph 79 of the TPC.

## "FOURTH[2] CAUSE OF ACTION"
### "Contribution Against MSC"

80.     MSC repeats and realleges each and every answer set forth in the preceding paragraphs as if each were fully set forth herein.

81.     Paragraph 81 of the TPC is merely a characterization of the TPC and calls for conclusions of law, to which no response is required.  To the extent a response is required, MSC denies the allegations of paragraph 81 of the TPC.  Answering further, MSC denies that it is at fault or in any way liable to ADG and/or FTN.

82.     MSC denies the allegations of paragraph 82 of the TPC.

83.     MSC denies the allegations of paragraph 83 of the TPC.

---

[1] ADG incorrectly identifies this as the "Third" Cause of Action rather than the "Fourth" Cause of Action.
[2] ADG incorrectly identifies this as the "Fourth" Cause of Action rather than the "Fifth" Cause of Action.

84. MSC is without sufficient information or knowledge at this time to form a belief as to the truth or falsity of the allegations of paragraph 84 of the TPC and, therefore, denies the same.

85. MSC denies the allegations of paragraph 85 of the TPC.

<u>**DEFENSES AND AFFIRMATIVE DEFENSES**</u>

**FIRST DEFENSE**

The TPC, and each and every count thereof, fails to state a claim against MSC upon which relief can be granted.

**SECOND DEFENSE**

ADG's claims are barred by its own bad faith and/or unclean hands.

**THIRD DEFENSE**

ADG's claims are barred by improper venue and/or *forum non conveniens*.

**FOURTH DEFENSE**

ADG's claims are barred by lack of subject matter and/or personal jurisdiction.

**FIFTH DEFENSE**

ADG's claims are barred by its failure to mitigate damages.

**SIXTH DEFENSE**

ADG's claims are barred by laches and/or acquiescence.

**SEVENTH DEFENSE**

MSC did not breach any alleged duty owed to ADG.

**EIGHTH DEFENSE**

ADG's claims are barred by waiver and/or estoppel.

**NINTH DEFENSE**

ADG's claims are barred by release.

**TENTH DEFENSE**

ADG's claims are barred by its own negligence or other improper conduct.

**ELEVENTH DEFENSE**

ADG's claims are barred as it has failed to join one or more necessary parties to this action.

**TWELFTH DEFENSE**

ADG's claims are barred by the applicable statute of limitations.

**THIRTEENTH DEFENSE**

ADG's claims are barred by the negligence and/or fault of others, not MSC.

**FOURTEENTH DEFENSE**

ADG's claims are barred as a result of mutual mistake and/or unilateral mistake.

**FIFTEENTH DEFENSE**

ADG's claims are barred to the extent that the alleged damages were the result of unrelated, pre-existing, or subsequent circumstances unrelated to any conduct of MSC.

**SIXTEENTH DEFENSE**

ADG's claims are barred as a result of its misrepresentations and/or fraudulent inducement.

**SEVENTEENTH DEFENSE**

ADG's claims against MSC are barred because the alleged MSC-ADG Settlement Agreement at issue was procured by collusion.

**EIGHTEENTH DEFENSE**

ADG's claims are barred by impossibility, impracticability, and/or frustration of purpose.

**NINETEENTH DEFENSE**

ADG's claims for indemnification and/or contribution are barred as MSC is not and cannot be found liable to FTN.

**TWENTIETH DEFENSE**

ADG's claims are barred by its lack of standing.

**TWENTY FIRST DEFENSE**

ADG's claims are barred by its express and/or implied consent.

**TWENTY SECOND DEFENSE**

ADG's claims against MSC are barred because the alleged MSC-ADG Settlement Agreement at issue violates public policy.

**TWENTY THIRD DEFENSE**

ADG's claims are barred by its own material breaches of contract, including, but not limited to, ADG's failure to make timely payments in accordance with Section 1.1 of the alleged MSC-ADG Settlement Agreement.

**TWENTY FOURTH DEFENSE**

ADG's claims are barred for lack of consideration.

**TWENTY FIFTH DEFENSE**

The alleged ADG-MSC Settlement Agreement is subject to reformation.

**TWENTY SIXTH DEFENSE**

ADG's claims are barred by accord and satisfaction.

**TWENTY SEVENTH DEFENSE**

MSC asserts the affirmative defense of recoupment and/or offset.

**TWENTY EIGHTH DEFENSE**

ADG is not entitled to declaratory relief because it has failed to allege necessary prerequisites for declaratory relief and/or failed to bring a cause of action under the applicable law.

**TWENTY NINTH DEFENSE**

ADG is not entitled to actual, exemplary, and/or punitive damages.

**THIRTIETH DEFENSE**

ADG is not entitled to attorneys' fees, expenses, and/or costs.

**THIRTY FIRST DEFENSE**

The damages claimed by ADG, if any, were caused in whole or in part by the acts or omissions of persons or entities for whom/over which MSC had no control or right of control and for whom/over which MSC is not legally responsible.

**THIRTY SECOND DEFENSE**

MSC states that it pleads any matter which could be asserted as an affirmative defense or avoidance.  MSC reserves the right to rely on any defense asserted by any other defendant who may be named and/or joined as a party to this action, to add such additional defenses as may appear appropriate based on additional investigation or discovery, and to amend this Answer after investigation and discovery is completed.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Defendant, MSC Mediterranean Shipping Company SA, hereby respectfully requests that the Court:

A.    Dismiss the TPC filed against MSC, with prejudice;

B.    Enter judgment in favor of MSC and against ADG;

C.    Declare that MSC does not have a duty to defend ADG against FTN's claims;

D.      Declare that MSC does not have a duty to indemnify ADG against FTN's claims;

E.      Declare that MSC has no relevant obligations to ADG or FTN.

F.      Award MSC its reasonable attorneys' fees, expenses, and other costs incurred in this action; and

G.      Award MSC such other and further relief as this Honorable Court deems just and proper under the circumstances.


Dated: March 4, 2024                    Respectfully submitted,

                                        */s/ David McI. Williams*
                                        David McI. Williams (Bar # 00357)
                                        Ashley L. Ensor (Bar # 19902)
                                        GORMAN & WILLIAMS
                                        36 South Charles Street, Suite 900
                                        Baltimore, MD 21201
                                        Tel: (410) 528-0600
                                        Fax: (410) 528-0602
                                        DMWilliams@gw-law.com
                                        AEnsor@gw-law.com
                                        *Attorneys for Third-Party Defendant*
                                        *MSC Mediterranean Shipping Company SA*



*Pro Hac Vice Admission to be Filed*

George J. Hazel
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Tel.: (202) 955-8500
GHazel@gibsondunn.com

15

*Pro Hac Vice Admission to be Filed*

Reed Brodsky
Jefferson E. Bell
Adam J. Jantzi
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: (212) 351-4000
RBrodsky@gibsondunn.com
JBell@gibsondunn.com
AJantzi@gibsondunn.com

*Pro Hac Vice Admission to be Filed*

Vincent M. DeOrchis
Alfred J. Kuffler
Kaspar Kielland
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
437 Madison Avenue
New York, NY 10022
Tel.: 212-551-7732
vdeorchis@mmwr.com
akuffler@mmwr.com
kkielland@mmwr.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 4, 2024, a copy of the foregoing MSC Mediterranean Shipping Company SA's Answer To AirBoss Defense Group, LLC's Third-Party Complaint and Affirmative Defenses was served via CM/ECF on:

Sarah P. Hogarth (No. 30278)
Llewelyn M. Engel (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
shogarth@mwe.com
lengel@mwe.com
*Attorneys for Defendant/Third-Party Plaintiff*
*AirBoss Defense Group, LLC*

David K. Monroe (Bar No. 12987)
Rachel E. Amster
GKG LAW, P.C.
1055 Thomas Jefferson Street, NW
Washington, DC 20007
dmonroe@gkglaw.com
ramster@gkglaw.com
*Attorneys for Plaintiff FedEx Trade Networks*
*Transport & Brokerage Inc.*

*/s/ David McI. Williams*
David McI. Williams (Bar # 00357)